**In the Matter of MacArthur DRAKE, Respondent.**

**No. 45S00–0611–DI–478.**

Supreme Court of Indiana.

Nov. 24, 2008.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Daniel J. Molter, who was appointed by this Court on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Respondent represented a client ("Husband") in a dissolution case. The couple was married in 1992, and they separated in 1999. Husband worked for an employer from 1966 and retired in 2002. The parties reached agreement that his wife ("Wife") would receive one-half of Husband's pension benefits that had accrued between their marriage and their separation—a total value of approximately $14,000. The attorney for Wife prepared a Qualified Domestic Relations Order ("QDRO"), which was signed by the trial court. The QDRO provided that Wife's share of Husband's pension was the 50% of Husband's total accrued benefit as of the date of the dissolution—a value of almost $95,000. Respondent failed to challenge the QDRO until a year after it was entered. Meanwhile, Wife had received (and spent) 50% of the entire value of Husband's pension. The court denied Respondent's motion to modify the QDRO, concluding it was untimely.

The hearing officer granted a petition for judgment on the complaint filed by the Commission pursuant to Admission and Discipline Rule 23(14)(c). Respondent asserts that this was procedurally improper. The Court has considered the arguments by the parties and concludes that the hearing officer did not err in granting the petition.

Respondent has received a public reprimand in a prior disciplinary case. *See Matter of Drake*, 846 N.E.2d 667 (Ind. 2006).

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failing to provide competent representation of a client.

1.3: Failing to act with reasonable diligence and promptness in representing a client.

**Discipline:** For Respondent's professional misconduct, the Court imposes a **public reprimand.**

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this order to the hearing

officer, to the parties or their respective attorneys, to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), and to Thomson/West for publication in the bound volumes of this Court's decisions.

All Justices concur.